■ QUALITY BUILDING CONTRACTOR, INC., Respondent, v DELOS INSURANCE COMPANY, Formerly Known as SIRIUS AMERICA INSURANCE COMPANY, Appellant-Respondent, and UTICA FIRST INSURANCE COMPANY, Respondent-Appellant. [972 NYS2d 546]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered May 22, 2012, which, in this action seeking a declaration as to insurance coverage, granted plaintiff's motion for summary judgment declaring that defendant Delos Insurance Company, formerly known as Sirius America Insurance Company (Sirius), is obligated to defend and indemnify plaintiff for all claims asserted in an underlying personal injury action, unanimously reversed, on the law, without costs, and the motion denied. Cross appeal from same order and judgment (one paper), unanimously dismissed, without costs.

Although the court properly found that Sirius's disclaimer of coverage based on a late notice of claim was ineffective as a matter of law (*see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104, 106 [1st Dept 2012]), issues of fact exist with respect to the timeliness of Sirius's disclaimer of coverage based on an exclusion endorsement in the subject insurance policy (*see Those Certain Underwriters at Lloyds, London v Gray*, 49 AD3d 1 [1st Dept 2007]). Indeed, a trier of fact should determine when the grounds for the exclusion endorsement disclaimer were "readily apparent" to Sirius, and whether Sirius reasonably delayed issuing its disclaimer during its investigation into the applicability of the endorsement (*id.* at 4).

Defendant Utica First Insurance Company's cross appeal is dismissed, as it is not an "aggrieved party" within the meaning of CPLR 5511. Indeed, it withdrew its motion for summary judgment, and it takes no position on Sirius's appeal. In any event, we note that plaintiff's status as an additional insured under a policy issued by Utica to plaintiff's subcontractor, and Utica's coverage obligations or lack thereof to plaintiff, are in dispute and have not been fully litigated or determined. Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ. [**Prior Case History: 34 Misc 3d 1237(A), 2012 NY Slip Op 50448(U).**]